# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## DANIEL LIVINGSTON V. STEPHEN DOTSON, WARDEN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2002-B-625    Cheryl Blackburn, Judge**

---

**No. M2009-02062-CCA-R3-HC - Filed June 21, 2010**

---

Petitioner, Daniel Livingston, appeals the trial court's denial of his petition for writ of habeas corpus. The State has filed a motion pursuant to Rule 20, Rules of the Court of Criminal Appeals of Tennessee, for this Court to affirm the judgment of the trial court by memorandum opinion. We grant the motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Davidson County Criminal Court Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Daniel Livingston, *pro se*.

Robert E. Cooper, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Following a jury trial in Davidson County in June of 2002, Petitioner was found guilty of felony evading arrest by motor vehicle with risk of injury or death and misdemeanor resisting arrest. He was sentenced to time served for the misdemeanor conviction and to twelve years as a career offender for the felony conviction. On appeal, this Court affirmed Petitioner's convictions, but modified the felony sentence to four years as a Range One offender because Petitioner was not sufficiently notified that he faced enhanced punishment for the offense. *State v. Daniel W. Livingston*, M2004-00086-CCA-R3-CD, 2005 WL 639125 (Tenn. Crim. App., March 15, 2005)(app. granted, Aug. 22, 2005). The Tennessee

Supreme Court reversed the ruling of this Court and reinstated the sentence imposed by the trial court holding that Petitioner received sufficient notice of the State's intent to seek enhanced punishment. *State v. Livingston*, 197 S.W.3d 710 (Tenn. 2006).

On September 15, 2005, Petitioner filed a *pro se* petition for habeas corpus relief alleging that his sentence was illegal because it was enhanced beyond the presumptive minimum sentence in violation of *State v. Gomez*, 239 S.W.3d 733 (Tenn. 2007). The criminal court summarily dismissed the petition, finding that Petitioner's "judgment for is not facially invalid nor does it indicate that Petitioner's sentence has expired." The petitioner now appeals.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 through 29-21-130 codify the applicable procedures for seeking a writ. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *See Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor*, 995 S.W.2d at 83. The burden is on the petitioner to establish by a preponderance of the evidence, that the sentence is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

In this case, Petitioner essentially argues that his sentence is illegal because the trial court improperly enhanced his sentence by classifying him as a career offender without the jury making such a determination in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), *Cunningham v. California*, 549 U.S. 270 (2007), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Blakely*, *Cunningham,* and *Apprendi* clearly do not apply when a trial judge, rather than a jury, enhances a sentence by finding the fact of prior convictions. "'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Blakely*, 542 U.S. at 301 (quoting *Apprendi*, 530 U.S. at 490); *See also Cunningham*, 549 U.S. at 282. In Tennessee, the **only** way that a trial judge can make a

finding that a defendant, such as Petitioner, is a career offender, is by making a finding of prior convictions. *See* T.C.A. § 40-35-108.

However, even if the trial court erroneously classified Petitioner as a career offender, such would not render his sentence void. *See Edwards v. State*, 269 S.W.3d 915 (Tenn. 2008); *Jasper Lee Vick v. State*, No. W2006-02172-CCA-R3-HC, 2008 WL 80580, at *2 (Tenn. Crim. App., Jan. 8, 2008); *Gregory Scott Spooner v. State*, No. E2004-02160-CCA-R3-HC, 2005 WL 1584357, at *1 (Tenn. Crim. App., July 7, 2005)(app. denied Dec. 5, 2005). Additionally, this court has held that *Blakely* violations do not apply retroactively to cases on collateral appeal. *See, e.g., Billy Merle Meeks v. Ricky J. Bell, Warden*, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486 (Tenn.Crim.App., at Nashville, Nov. 13, 2007); *Timothy R. Bowles v. State*, No. M2006-01685-CCA-R3-HC, 2007 WL 1266594 (Tenn. Crim. App., at Nashville, May 1, 2007); *James R.W. Reynolds v. State*, No. M2004-02254-CCA-R3-HC, 2005 WL 736715 (Tenn. Crim. App., at Nashville, Mar. 31, 2005), perm. app. denied (Tenn. Oct. 10, 2005). We also note that the decisions of *Blakely* and *Cunningham* relate to constitutional violations which, even if proven true, would merely render the judgment voidable and not void. *See, e.g., Meeks*, 2007 WL 4116486; *Bowles*, 2007 WL 1266594; *Donovan Davis v. State*, No. M2007-00409-CCA-R3-HC, 2007 WL 2350093, (Tenn. Crim. App., at Nashville, Aug. 15, 2007), perm. app. denied (Tenn. Nov. 13, 2007).

Nothing on the face of the petitioner's judgment indicates that the convicting court was without jurisdiction to sentence the petitioner or that the sentence has expired. As a result, the court's summary dismissal was proper. *See Summers*, 212 S.W.3d at 260.

Upon review of this matter, this Court concludes that no error of law requiring a reversal of the judgment of the trial court is apparent on the record.

## CONCLUSION

Accordingly, the judgment of the trial court is affirmed.

THOMAS T. WOODALL, JUDGE